USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/10/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIANA-SHANYGNE BARRETT,

    -against-

UBER TECHNOLOGIES, INC. RASIER, LLC, RASIER-NY, LLC, MINA GENDY ("the driver") ,

               Defendants.

---

No. 24-CV-6304 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Defendant Mina Gendy ("Gendy" or "Defendant") moves under Fed. R. Civ. P. 12(b)(2) and 12(b)(3) to dismiss the First Amended Complaint (FAC, ECF No. 13) of Plaintiff Tiana-Shanygne Barrett ("Barret" or "Plaintiff") for lack of personal jurisdiction and improper venue, or, alternatively, to transfer the action to the District of New Jersey. (*See generally* Dft. Mot., ECF No. 27.)

For the reasons that follow, the Court GRANTS the motion to dismiss for lack of personal jurisdiction and improper venue. Because dismissal would risk prejudice given New Jersey's statute of limitations considerations, the Court, in the interest of justice, TRANSFERS the action to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1406(a).

**BACKGROUND**

The following facts as taken from Plaintiff's FAC are accepted as true and provides background here only as needed to resolve the pending motion.

1

On July 13, 2022, while in Union Township, New Jersey, Plaintiff Barrett requested an Uber ride that Defendant Gendy accepted. (FAC ¶ 201.) Plaintiff alleges that when Gendy arrived at her pick-up location, he refused to transport her and cancelled the ride. (*Id*. ¶ 202.) As she began to enter the vehicle after placing her belongings inside, Plaintiff asserts that the rear passenger door—opened remotely by Gendy—struck her and caused various bodily injuries. (*Id*. ¶¶ 202–03.) All conduct giving rise to these claims occurred entirely in Union Township, New Jersey. (*Id*. ¶ 201.)

In light of the above, Plaintiff, a New York resident, brings this action against Uber Technologies, Inc., Rasier, LLC, and Rasier-NY, LLC (the "corporate defendants")—each incorporated in Delaware with a principal place of business in California—and against Gendy, a New Jersey resident who holds a New Jersey driver's license and vehicle registration. (FAC ¶¶ 3, 4-6, 7.) Barrett asserts negligence, discrimination, and related statutory and common-law claims against Gendy arising from the incident, along with parallel theories of liability against the corporate defendants based on their operation and administration of the Uber platform. (*See generally id*.) Gendy moves to dismiss for lack of personal jurisdiction and improper venue—or, alternatively, to transfer the case to the District of New Jersey—arguing that he has no residence, license, registration, or suit-related contacts with New York. (Dft. Mem. at 5–11.) Plaintiff Barrett opposes, contending that jurisdiction and venue are proper because Gendy conducts business in New York, she received post-incident medical treatment here, and she resides in the State. (Pltf. Opp. ¶¶ 23-54.)

**PROCEDURAL HISTORY**

Plaintiff commenced this action on June 27, 2024, in Westchester County Supreme Court. (Compl., ECF No. 1-1.) The original complaint named Uber Technologies, Inc. and a "John Doe" defendant. (*Id.*) Defendants removed the action to this Court on August 21, 2024. (ECF No. 1.)

On December 16, 2024, Plaintiff filed the operative FAC, adding Rasier, LLC; Rasier-NY, LLC; and Defendant Gendy. (FAC, ECF No. 13.) On June 30, 2025, Gendy moved to dismiss the claims asserted against him. (Dft. Mot., ECF No. 27.) In his supporting memorandum of law, Gendy argued that the Court lacks personal jurisdiction under Rule 12(b)(2), that venue is improper under Rule 12(b)(3), and that, in the alternative, the action should be transferred to the District of New Jersey. (Dft. Mem., ECF No. 27-14.) Plaintiff filed a memorandum in opposition and Gendy subsequently filed his reply (Pltf. Opp., ECF No. 28, Dft. Reply, ECF No. 27-15.)

**LEGAL STANDARD**

**A. Rule 12(b)(2)**

A defendant may seek to dismiss a claim or action for lack of lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). To overcome a motion to dismiss for lack of personal jurisdiction at this juncture, the plaintiff must make a *prima facie* showing that the court has jurisdiction over each defendant. *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012). "Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant." *See Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010) (internal quotation marks omitted). The Plaintiffs must also "establish the court's jurisdiction with respect to each claim asserted." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004). In resolving this motion, the court may rely on materials beyond the pleadings, including affidavits attached thereto. (*See id.*) The pleadings and supporting affidavits are construed in the light most favorable to plaintiff, with all

3

doubts resolved in the plaintiff's favor. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010).

In diversity cases, courts perform a two-step analysis: first, they examine the law of the state in which it sits to confirm whether it has personal jurisdiction over each defendant and, second, then consider whether its exercise of jurisdiction comports with due process as guaranteed by the United States Constitution. *Chloe*, 616 F.3d at 163.

### B. Rule 12(b)(3)

Plaintiff need only make a *prima facie* showing that venue is proper to survive a Rule 12(b)(3) motion to dismiss. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). "Such a showing entails making legally sufficient allegations, including an averment of facts that, if credited, would suffice to establish that ... venue is proper." *Jenny Yoo Collection, Inc. v. Watters Design Inc.*, No. 16-CV-2205 (VSB), 2017 WL 4997838, at *4 (S.D.N.Y. 2017) (quoting *BMW of N. Am. LLC v. M/V Courage*, 254 F. Supp. 3d 591, 596–97 (S.D.N.Y. 2017)) (internal quotations omitted). On a Rule 12(b)(3) motion, the court must view all facts, including those outside the pleadings, such as affidavits attached thereto, "in the light most favorable to the non-moving party." *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011).

If a court finds venue to be improper, then it may either dismiss the action, or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Even when venue is proper in the Southern District of New York, the [c]ourt may transfer an action pursuant to 28 U.S.C. § 1404(a)." *Fleur v. Delta Air Lines, Inc.*, No. 15-CV-9513, 2016 WL 551622, at *1 (S.D.N.Y. Feb. 2, 2016) (quoting *Solar v. Annetts*, 707 F. Supp.2d 437, 441 (S.D.N.Y. 2010)). Specifically, Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any

4

civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a).

## DISCUSSION

Defendant Gendy raise several arguments in favor of dismissal, pertinently: (i) the Court lacks personal jurisdiction over Defendant and (ii) the Southern District of New York is an improper venue for Plaintiff's claim to be brought. (Dft. Mem. at 5–9.) In the alternative, Gendy argues that the action should be transferred to the District of New Jersey (*Id.* at 10.)

**A. Personal Jurisdiction**

Because "a dismissal for lack of jurisdiction renders all other claims moot," the Court begins with personal jurisdiction. *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 133 (S.D.N.Y. 2021) (citing *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 386 (S.D.N.Y. 2002)). In a diversity case, the analysis proceeds in two steps: the Court must first determine whether jurisdiction is authorized under the law of the state in which the federal court sits,[1] and then assess whether the exercise of jurisdiction comports with federal due process. *Smart Shoppers NY LLC v. Tylers Coffee LLC,* No. 22 CIV. 4969 (NSR), 2024 WL 113731, at *4 (S.D.N.Y. Jan. 10, 2024) "Under the New York long-arm statute, a court in New York can exercise personal jurisdiction over a non-resident defendant based either on general jurisdiction, under [N.Y. Civ. Prac. L. and Rule ("CPLR")] § 301, or specific jurisdiction, under CPLR § 302." (*Id.*) (quoting *Wallert v. Atlan*, 141 F. Supp.3d 258, 271 (S.D.N.Y. 2015)). If a court determines that neither Section 301 nor Section 302 is met, it need not consider whether constitutional due process is satisfied. (*Id.*) "A plaintiff must establish [personal] jurisdiction with respect to each claim asserted." *79th Grp., Inc. v. Moore*, No. 23-CV-2521, 2024 WL 36992, at

---

[1] Because this action was filed in New York, New York law governs the statutory inquiry.

5

*12 (S.D.N.Y. Jan. 3, 2024) (quoting *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004)).

The Court finds that personal jurisdiction is not proper here and the Court GRANTS Defendant Gendy's motion to dismiss for lack of personal jurisdiction under 12(b)(2).

### a. General Jurisdiction

General jurisdiction is plainly unavailable. A court may exercise general, all-purpose jurisdiction only where the defendant is "essentially at home" in the forum. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). For individuals, the "paradigm forum" is the person's domicile, and only in the rare "exceptional case" could contacts elsewhere be so pervasive as to render the individual at home outside that state. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). Gendy is domiciled in New Jersey: he resides there, holds a New Jersey driver's license, and operates a New Jersey-registered vehicle. (FAC ¶¶ 7, 123.) Nothing in the record suggests that he lives, works, or maintains any continuous presence in New York to render him "at home" in the state. Plaintiff does not contend otherwise. Accordingly, the Court cannot exercise general jurisdiction over Gendy.

### b. Specific Jurisdiction

The Court likewise concludes that it lacks specific personal jurisdiction over Gendy. "N.Y. C.P.L.R. § 302(a) governs specific jurisdiction." *Mirza v. Dolce Vida Med. Spa, LLC*, 2024 WL 307969, at *3 (S.D.N.Y. Jan. 26, 2024). The statute permits jurisdiction only where the claim arises from a nondomiciliary who **(1)** transacts business in New York, **(2)** commits a tortious act while physically present in New York, or **(3)** commits an out-of-state tort causing in-state injury under narrow foreseeability and revenue requirements. N.Y. C.P.L.R. § 302(a); *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246–47 (2d Cir. 2007). Each subsection requires that the defendant's own

conduct form the jurisdictional nexus—neither the plaintiff's residence nor the in-state activities of third parties may supply the required forum connection. *Walden v. Fiore*, 571 U.S. 277, 284, 289 (2014).

None of the statute's three avenues applies here. First, § 302(a)(1) is inapplicable because Plaintiff identifies no business transaction by Gendy in New York from which her claims arise. All relevant conduct—the acceptance of the Uber request, Gendy's arrival at the pickup location, the alleged refusal of service, and the alleged impact from the rear door—occurred entirely in Union Township, New Jersey. (FAC ¶¶ 201–03.) New York courts consistently decline jurisdiction in materially similar New Jersey automobile-incident cases involving New Jersey defendants. *Mayor v. Sankareh*, 2023 WL 2393919, at *1 (S.D.N.Y. Feb. 7, 2023) (no "personal jurisdiction over Defendant in New York as the accident occurred in New Jersey."); *Johnson v. Ward*, 4 N.Y.3d 516, 520 (2005) (same).

Second, § 302(a)(2) does not apply because that subsection requires the defendant to have committed the tort while physically present in New York, a requirement interpreted strictly. *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28–29 (2d Cir. 1997) (§ 302(a)(2) applies only to in-state acts). Gendy was never physically present in New York during this alleged incident and Plaintiff fails to present evidence suggesting otherwise.

Third, § 302(a)(3) cannot confer jurisdiction. This provision requires an "injury within the state," which New York courts define as the initial, first-occurring injury, not the location of later medical treatment or residuary effects. *Maldonado v. Rogers*, 99 F. Supp. 2d 235, 238 (N.D.N.Y. 2000) (no jurisdiction where plaintiff suffered injuries outside New York but experienced continuation effects in New York.) The injury here occurred entirely in New Jersey, and Plaintiff's post-incident treatment or symptoms in New York cannot transform an out-of-state accident into

an in-state injury. (Pltf. Opp. ¶¶ 29, 31, 33.) Even if an in-state injury could be shown, Plaintiff alleges no facts satisfying § 302(a)(3)'s additional foreseeability and substantial-revenue requirements.

Because no provision of New York's long-arm statute is satisfied, the analysis ends there: the Court cannot exercise jurisdiction, and there is no need to reach the constitutional question of due process. *See Smart Shoppers*, 2024 WL 113731, at 5 (If the long-arm statute does not confer personal jurisdiction, the Court need not reach the due-process inquiry.) In any event, due process would independently bar the exercise of jurisdiction. Due process requires "minimum contacts" showing that the defendant purposefully availed himself of the forum such that jurisdiction accords with "fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Sills v. Ronald Reagan Presidential Found., Inc.*, 2009 WL 1490852, at *10 (S.D.N.Y. May 27, 2009). Nothing in the record indicates that Gendy purposefully directed any conduct toward New York. Every alleged act occurred entirely in New Jersey, and Gendy resides and is licensed exclusively there. (FAC ¶¶ 7, 123, 201–03.) Plaintiff's unilateral New York residence and post-incident treatment cannot supply the missing contacts. *Walden*, 571 U.S. at 284–89; *Maldonado*, 99 F. Supp. 2d at 238. Thus, even if § 302(a) were satisfied—which it is not—Gendy lacks the minimum contacts necessary to satisfy due process, and the Court cannot exercise personal jurisdiction over him.

### c. Improper Venue

Venue is also improper in this District. Under 28 U.S.C. § 1391(b), a civil action may be brought only in: (1) a district where any defendant resides; (2) a district where "a substantial part of the events or omissions giving rise to the claim occurred"; or, if—and only if—no such district

exists, (3) any district where the defendant is subject to personal jurisdiction. *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55–56 (2013).

First, venue is not proper under § 1391(b)(1) because Gendy does not "reside" in this District. Gendy is a New Jersey resident, not a resident of this District, and the corporate defendants are incorporated and headquartered outside New York, foreclosing venue under subsection (b)(1). *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 430–31 (2d Cir. 2005) (holding that a defendant "resides" only in its place of domicile for venue purposes).

Second, venue is improper under § 1391(b)(2) because no substantial part of the events giving rise to Plaintiff's claims occurred in New York. Every operative fact occurred in Union Township, New Jersey—including Plaintiff's ride request, Gendy's arrival, the cancellation of the ride, and the alleged impact from the rear passenger door. (FAC ¶¶ 201–03.) The Second Circuit requires "strict construction" of § 1391(b)(2) and rejects attempts to base venue on downstream effects or a plaintiff's residence. *Gulf Ins. Co.*, 417 F.3d at 357 (venue must be predicated on events giving rise to the claim, not tangential effects). Plaintiff's later medical treatment or domicile in New York does not shift the locus of events. *See Mayor,* 2023 WL 2393919, at 3.

Third, § 1391(b)(3) cannot salvage venue. This fallback provision applies only when no other district is available *and* when the defendant is subject to personal jurisdiction in the chosen forum. *Daniel*, 428 F.3d at 434-35. Here, the District of New Jersey is plainly available, as it is where all events occurred and where Gendy resides. (FAC ¶¶ , 201–03.) And because this Court lacks personal jurisdiction over Gendy, § 1391(b)(3) is unavailable. *See Don King Prods.*, 2022 WL 2133751, at *2 ("venue is not proper under § 1391(b)(3) because Defendant is subject to suit in another district … and is not subject to personal jurisdiction in this district").

9

Accordingly, no subsection of § 1391(b) provides a basis for venue in the Southern District of New York.

### d. Transfer Under § 1406(a)

Because the Court lacks personal jurisdiction over Gendy and venue is improper in this District, the remaining question is whether dismissal or transfer is the appropriate remedy. The Court concludes that transfer, rather than dismissal, is warranted.

When venue is improper, 28 U.S.C. § 1406(a) directs that a court "shall dismiss, or if it be in the interest of justice, transfer" the case to a district where it could have been brought. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 172 (S.D.N.Y. 2009) (quoting 28 U.S.C. § 1406(a)); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court.") Courts in this Circuit overwhelmingly favor transfer where dismissal risks statute-of-limitations prejudice. *Daniel*, 428 F.3d at 435 ("A compelling reason for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum."); *Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 79 (2d Cir.1978) (same); *Eldorado Logistics Sys., Inc.*, No. 05-CV-2202, 2006 WL 3050871, at *7 (E.D.N.Y. Oct. 20, 2006) ("Dismissal is a severe penalty that will not ordinarily be imposed where ... the statute of limitations has run and plaintiff's claim will be essentially extinguished.") And critically, a district court may transfer even when it lacks personal jurisdiction. *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001) (holding that a district court has the "power to transfer venue even if it lacks personal jurisdiction over the defendants").

Here, the risk of statute-of-limitations prejudice is substantial. New Jersey applies a two-year limitations period to personal-injury actions. N.J. Stat. Ann. § 2A:14-2(a). The accident

occurred on July 13, 2022; thus, the two-year period expired in July 2024. (Pltf. Opp. at 29.) Although Plaintiff timely filed in New York—where the personal-injury limitations period is three years, N.Y. C.P.L.R. § 214—the commencement of an action in an improper forum does not toll New Jersey's statute of limitations. *Pisani v. Diener*, No. 07-CV-5118, 2009 WL 749893, at *9 (E.D.N.Y. Mar. 17, 2009) (holding that if the case was dismissed for improper venue, the statute of limitations would bar re-filing in the proper venue, even though the action had been timely filed in the improper venue); *Talarico v. Thomas Crimmins Contracting Co.*, No. 94 CIV. 0420 (RPP), 1995 WL 422034, at *1–2 (S.D.N.Y. July 18, 1995) (holding that prior action filed in sister state and dismissed for lack of personal jurisdiction could not toll limitations period).

If this Court were to dismiss rather than transfer, Plaintiff would need to refile in New Jersey—where the case would face an immediate and likely meritorious statute-of-limitations defense, thus foreclosing adjudication on the merits. (Pltf. Opp. at 28.) Section 1406(a) was designed to prevent such outcomes, preserving claims that would otherwise be extinguished solely because they were mistakenly filed in the wrong court. *Corke,* 572 F.2d at 79 (finding an "important purpose" of § 1406(a) transfer is to reduce the burden of statutes of limitations operating as "procedural obstacles" to merits consideration); *Wood v. Byrd*, No. 16-CV-8142 (KMK*),* 2020 WL 550787, at *9 (S.D.N.Y. Feb. 4, 2020) (favoring transfer where dismissal would expose plaintiff to a statute-of-limitations bar.)

Transfer to the District of New Jersey is also appropriate because it is the only district with a meaningful factual nexus to this dispute: the ride request, the alleged refusal of service, and the alleged injury all occurred in Union Township, and Gendy resides and is licensed solely in New Jersey. (*See* FAC ¶¶ 201–03.) Courts routinely hold that where all operative events occurred in

11

New Jersey and none occurred in New York, venue lies exclusively in New Jersey. *See Mayor*, 2023 WL 2393919, at 3.

Accordingly, because New Jersey is the only district with a proper jurisdictional and factual connection to this case—and because transfer avoids the near-certain statute-of-limitations bar that dismissal would trigger—the Court TRANSFERS this action to the District of New Jersey pursuant to 28 U.S.C. § 1406(a).

## CONCLUSION

For the foregoing reasons, the Court concludes that it lacks personal jurisdiction over Defendant Gendy and that venue is improper in the Southern District of New York. Rather than dismissing the action and risking potential statute-of-limitations prejudice, the Court finds that the interests of justice are best served by transferring this case to a district in which it could have been brought. Accordingly, Defendant Gendy's motion to dismiss under Rules 12(b)(2) and 12(b)(3) is GRANTED, and the Clerk of Court is respectfully directed to TRANSFER this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1406(a). The Clerk of Court is respectfully directed to terminate the motion at ECF No. 27.

Dated: December 10, 2025
   White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge